Ronald Wilcox
Attorney at Law
The Law Office of Ronald Wilcox
2160 The Alameda, First Floor, Suite F
San Jose, CA 95126
Attorney for Plaintiffs

\*\*E-Filed 11/27/06\*\*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH TREVINO and YADIRA RIOS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACB AMERICAN, INC., HILCO RECEIVABLES, LLC, B. MASTERS and K. FRANCIS,<br><br>Defendants.<br>-----------------------------------------------<br>SHERYL MCGRADY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACB AMERICAN, INC., RANDALL DUNN, and DALTON VANN,<br><br>Defendants. | Case No.: C05 00239 JF (HRL)<br>and<br>Case No.: C05-05001 PVT<br><br>[PROPOSED] **PRELIMINARY APPROVAL ORDER CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES AND APPROVING THE CLASS ACTION SETTLEMENT** |

This matter comes before the Court for preliminary approval of the Class Action Settlement Agreement (the "Agreement"), dated August 22, 2006. The Court has reviewed the Agreement, the Motion for Certification of a Class Pursuant to Settlement and for Preliminary Approval of the Class Action Settlement and its Exhibits, and, good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. <u>Definitions</u>. For the purposes of this Order, the Court adopts by reference the definitions set forth in the Definitions section of the Class Action Settlement Agreement (the "Agreement"), dated as of August 22, 2006, which is attached to the Motion as **Exhibit A**.

2. The Court approves the certification of the class for settlement purposes. The Class is defined as follows:

>All persons in California who, according to Defendants' records, meet one of the two criteria:
>
>(1) (a) were sent a collection letter by ACB in a form materially identical or substantially similar to the letters sent to Ms. Trevino or Ms. Rios and attached as Exhibits B or D to the **Trevino** Complaint; (b) between January 14, 2004, and March 20, 2006; or
>
>(2) (a) were sent a collection letter by ACB in a form materially identical or substantially similar to the letters sent to Ms. McGrady and attached as Exhibits A-E to the **McGrady** Complaint; (b) between July 1, 2004, and March 20, 2006.

3. <u>Preliminary Approval</u>. The Court preliminarily approves settlement of the Action as set forth in the Agreement as being fair, reasonable, and adequate to the Parties. Specifically this Court finds that:

(a) Based on Class Counsel's analysis, including the review of Defendants' financial documents, settlement of this case for a recovery to the Settlement Class of $34,500.00 (payable on a *pro rata* basis to those class members who timely return claim forms), is fair and reasonable;

(b) Payment to the Class Representatives, Elizabeth Trevino, Yadira Rios, and Sheryl McGrady, of the following amounts for all damages, statutory and actual, and for their role in this litigation, is fair and reasonable: $2,000.00 to Elizabeth Trevino, $2,000.00 to Yadira Rios, and $2,000.00 to Sheryl McGrady.

(c) Defendants must pay a separate payment to Settlement Class Counsel of reasonable attorneys' fees and costs. These fees and costs are <u>not</u> taken from any recovery to the Class Members. Affidavits in support of these fees and costs based upon the Class Counsels' current hourly rates will be provided to the Court at the final approval hearing.

      (d)    For Settlement Purposes Only: (1) the settlement class is sufficiently numerous such that joinder is impracticable, (2) there are questions of law and fact common to the settlement class that predominate over any questions affecting only individual members, (3) the settlement class representatives have claims typical to the settlement class members, (4) the settlement class representatives Trevino, Rios, and McGrady and their counsel are adequate representatives for the settlement class, and (5) settlement of this action on a class basis is the superior and appropriate method for the fair and efficient resolution of this controversy.

4. If the above Settlement is not given final approval for any reason or in any way, or the Effective Date does not occur, or the class is not certified for settlement purposes, or the Agreement is rescinded and terminated, the Parties shall be restored to their respective positions in the Action as of March 16, 2006. In such event, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties, shall be deemed to be without prejudice in any way to the position of the Parties with respect to this Action or any other action, and shall not be used in the Action or in any other proceeding for any purpose, except as provided in the Agreement or herein.

5. <u>Settlement Hearing</u>. A Settlement Hearing will be held on _____, 2006, at _____ ___.m. at which time the Court will finally determine whether the Settlement of the Action, including Class Counsels' Attorneys' Fees Application, should be finally approved as fair, reasonable, and adequate and whether the Judgment and Order of Dismissal with Prejudice (the "Judgment") should be entered. The Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.

6. <u>Form and Content of Notice</u>. The Court approves, as to form and content, for distribution and publication to potential members of the Class the Notice in the form attached as <u>Exhibit B</u> to the Motion for Preliminary Approval.

- 3 -
PRELIMINARY APPROVAL ORDER CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES AND APPROVING THE CLASS ACTION SETTLEMENT

7. <u>Mailed Notice</u>. No later than 14 days after the date upon which the Court enters the Preliminary Approval Order, Defendants' counsel must provide to First Class, Inc., who is mutually chosen and agreed upon by the Parties, the class list in computerized form, usable without manual reentry. No later than 30 days after the date upon which the Court enters the Preliminary Approval Order, the Class Administrator shall mail Notice by first class mail to Class Members with Accessible Contact Information. Class Counsel shall file with the Court and serve upon Defense Counsel, no later than 5 business days prior to the Final Settlement Approval Hearing, an affidavit or declaration (if applicable, from First Class, Inc.) stating that the mailings have been completed in accordance with the terms of this Preliminary Approval Order.

8. <u>Best Practicable Notice</u>. The Court finds that dissemination of the Notice in the manner described herein constitutes the best notice practicable under the circumstances to potential Class Members and complies fully with Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law. No further notices to the class members are required.

9. <u>Requests for Exclusion</u>. Any Person may seek to be excluded from the Settlement. Any Person so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent to the Settlement Administrator and postmarked within 45 days of the mailing of notice, as explained on the Claim Form attached to the Class Notice. To be effective, the request for exclusion must make clear that exclusion is sought by stating words to the effect of: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN TREVINO v. ACB AMERICAN" or "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN MCGRADY v. ACB AMERICAN," or by checking off the appropriate box on the claim form and mailing a copy to First Class, Inc. The request for exclusion must be signed by that Person or, if other than a natural person, by an authorized representative of the Person. First Class, Inc. shall

provide copies of any and all requests for exclusion to Defendants' Counsel and to Class Counsel no later than 5 business days before the Settlement Hearing, at which time Class Counsel shall file and serve Notice to the Court of how many people timely and effectively requested exclusion.

10. <u>Objections</u>. Any Class Member who objects to the Settlement shall have a right to appear and be heard at the Settlement Hearing provided that such Person *files* with the Court and *delivers* to designated Class Counsel and Defendants' Counsel a written notice of objection identifying in writing reasons for his or her objection no later than 14 days before the Settlement Hearing. The written objection must be no more than 15 pages. Class Counsel and Defendants' Counsel may, but need not, respond to the objections, if any, by means of a memorandum of law of no more than 15 pages filed and served no later than 5 business days prior to the Settlement Hearing. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or the award of Attorneys' Fees to Class Counsel, unless otherwise ordered by the Court.

11. <u>Defendants' Denial of Liability</u>. The Court notes that Defendants deny any liability to Plaintiffs or to the Class for any matter whatsoever. Without conceding any infirmity in their defenses, and while continuing to deny all allegations of liability, Defendants consider it desirable that the Action be dismissed and that the claims against Defendants be released, on the terms set forth herein, in order to avoid further expense, dispose of burdensome and protracted litigation and put to rest all claims which have or could have been asserted against Defendants arising from the acts, transactions, or occurrences alleged in the Action.

- 5 -
_____
PRELIMINARY APPROVAL ORDER CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES AND APPROVING THE CLASS ACTION SETTLEMENT

12. <u>Stay of Discovery and Litigation</u>. All discovery and other proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

13. <u>Injunction</u>. The Court hereby bars and enjoins all Class Members, except those who have timely and effectively requested exclusion, from instituting, or prosecuting any action, or proceeding, whether class or individual, against Defendants for liability in any way related to, arising out of, or based upon the Released Claims, unless and until the Agreement is terminated.

14. <u>Extension of Deadlines</u>. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

15. <u>Deadline for Opt-Outs</u>. To be legally effective, all requests for exclusion described in paragraph 9 above must be received within 45 days of the mailing of class notice.

16. <u>Deadline for Objections</u>. Class Member Objections, as described in paragraph 10 above, must be delivered to Class Counsel and Defendants' Counsel and filed with the Court, as directed in the Notice, within 45 days of the mailing of class notice. Objections not filed and served in a timely manner shall be deemed waived.

17. <u>Deadline for Submitting Claim Forms</u>. Class members who wish to receive their cash recovery in accordance with the Settlement Agreement must send in a claim form, which must be received by First Class, Inc., within 45 days of the mailing of class notice.

**SO ORDERED** this 27th day of November, 2006.



Judge Jeremy Fogel

- 6 -
PRELIMINARY APPROVAL ORDER CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES AND APPROVING THE CLASS ACTION SETTLEMENT